IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT J. PROKOP, | ) | 4:09CV3051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA ACCOUNTABILITY | ) | |
| AND DISCLOSURE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on an Amended Motion to Dismiss (filing no. 28) filed by Defendants James and Lori McClurg, and a Motion to Dismiss (filing no. 30) filed by Defendants Nebraska Accountability and Disclosure Commission ("NADC"), Nebraska Attorney General Jon Bruning and fifteen individual NADC employees (together, the "NADC Defendants"). Plaintiff filed a Brief in Opposition to the NADC Defendants' Motion to Dismiss. (Filing No. 32.) As set forth below, Defendants' Motions are granted.

## I. BACKGROUND

This lawsuit is Plaintiff's second attempt in two years to allege that Defendants conspired to prevent his election to the Nebraska Board of Regents. See *Prokop v. Neb. Accountability and Disclosure Comm'n*, No. 4:08CV3063, 2009 WL 250047 (D. Neb. Feb. 2, 2009) ("*Prokop I*"). The court dismissed Plaintiff's first suit, *Prokop I*, because his amended complaint failed to state a federal claim upon which relief could be granted. *Id.* However, the court dismissed the suit without prejudice to reassertion in state court because his amended complaint raised state-law claims that the court declined to consider. *Id.* at *6.

After the dismissal, Plaintiff declined to assert his state-law claims in state court, and instead, refiled the same claims, including his previously dismissed federal claims, in this court. (Filing No. 1.) Thereafter, Defendants' filed two Motions to Dismiss with Briefs in Support. (Filing Nos. 28, 29, 30 and 31.) In their Briefs, Defendants argue that Plaintiff's Complaint should be dismissed because it raises essentially the same claims as those previously dismissed *Prokop I*. (Filing No. 29 at CM/ECF p. 2; Filing No. 31 at CM/ECF p. 2.)

## II. DEFENDANTS' MOTIONS TO DISMISS

### A.   Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," otherwise, "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**B.     Plaintiff's Reasserted Claims**

The court has carefully reviewed Plaintiff's Complaint. Despite Plaintiff's argument that he has corrected "the deficiencies" in *Prokop I* (filing no. 32 at CM/ECF pp. 10-12), his newly-filed Complaint still fails to state a claim upon which relief may be granted. In fact, the only substantive difference between his newly-filed Complaint and his amended complaint in *Prokop I* is the addition of Defendant Lori McClurg. In short, Plaintiff's insufficient and conclusory allegations have not changed.

Because Plaintiff failed to allege facts sufficient to change the court's analysis in *Prokop I*, the court adopts the reasoning set forth in the court's order dismissing that suit. (*See* Case No. 08CV3063, Filing No. 46.) Plaintiff's Complaint is therefore dismissed for failing to state a claim upon which relief may be granted. As in *Prokop I*, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and will dismiss Plaintiff's Complaint without prejudice to reassertion in state court.

As discussed above, this is the second time in two years that Plaintiff has filed a suit against Defendants for allegedly conspiring to prevent his election to the Nebraska Board of Regents. Filing this identical action is frivolous. If Plaintiff continues to file these identical claims, the court will be forced to take action to prevent such filings, including dismissal with prejudice and other sanctions.

IT IS THEREFORE ORDERED that:

1.     Defendants James and Lori McClurg's Motion to Dismiss (filing no. 28) and the NADC Defendants' Motion to Dismiss (filing no. 30) are granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

September 10, 2009.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.